UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY-COUNTY TAXI, INC. d/b/a ) | |
| METRO WEST TRANSPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-408 JAR |
| ) | |
| METROPOLITAN TAXICAB COMMISSION, ) | |
| and CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Metropolitan Taxicab Commission's Motion to Dismiss Plaintiff's Complaint [ECF No. 6] and Defendant City of St. Louis, Missouri's Motion to Dismiss Plaintiff's Complaint [ECF No. 12]. The motions are fully briefed and oral argument was held on the motions on June 7, 2012. For the reasons set forth below, the motions will be granted in part and denied in part.

**Background**

In early January 2011, Plaintiff presented to officials of Lambert-St. Louis International Airport ("Airport" or "City") a business proposal to provide the Airport with wheelchair accessible taxicabs, both as a proprietary business venture and to remedy the absence of wheelchair accessible airport taxicabs. (Plaintiff's Complaint, Doc. No. 1, ¶ 6). In late January 2011, the Airport met with the Metropolitan Taxicab Commission ("Commission") to discuss taxicab compliance with the Americans with Disabilities Act (ADA). At this meeting, the Airport shared Plaintiff's business proposal with the Commission. (Id., ¶ 10). On March 8, 2011

the Commission considered and tabled Plaintiff's business proposal until March 28, 2011. (Id., ¶ 17).

On March 28, 2011, the Commission created for the first time a provision in its Vehicle for Hire Code regulations for ADA compliance titled: "Chapter 13 – COMPLIANCE WITH THE AMERICANS WITH DISABILITIES ACT ("Chapter 13"). Chapter 13 establishes a process that opened to competition taxicab wheelchair accessible services at the Airport and requires any business providing wheelchair accessible services to obtain from the Commission a Certificate of Convenience and Necessity ("CCN"). (Id., ¶¶ 12, 14).

In April 2011, after the Airport shared Plaintiff's business proposal with the Commission, and after the Commission created Chapter 13, Plaintiff sent a letter to the Commission stating the Commission was acting "improperly and illegally in responding to Plaintiff's proposal by creating Chapter 13, and specifically admonished the Commission: 'I believe that an important asset to my company is and was the ability to maintain and develop the information gathered for my proposal to Lambert St. Louis International Airport . . . .This information has been compromised.' " (Id., ¶ 20).

In April 2011, the Commission granted a CCN to Plaintiff and others to operate wheelchair accessible taxicabs for the Airport and began enforcing the requirements and restrictions of Chapter 13 on those who were granted the CCN, including Plaintiff. (Id., ¶ 21).

Plaintiff alleges that in creating Chapter 13, the Commission "opened to competition" the proposal for wheelchair accessible taxicab services at the Airport, which was Plaintiff's proprietary business venture, and impeded his ability to establish his business venture by constantly citing and harassing him for alleged violations of Chapter 13. (Complaint, ¶¶ 13, 14, 22). Plaintiff brings this action against Defendants alleging violations of due process (Count I), racial discrimination (Count II), breach of fiduciary duty (Count III), and retaliation (Count IV).

**Legal Standard**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). In ruling on a motion to dismiss, the Court views the allegations in the complaint liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir.2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005) (citation omitted). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

**Discussion**

**Count I - Due Process Violation**

In Count I of the complaint, Plaintiff alleges "[t]he decision of Defendants, City and the Commission, to require Plaintiff to obtain a CCN from the Taxicab Commission in order for Plaintiff to provide the wheelchair accessible taxicab service to the Airport, as set forth in Plaintiff's Business Proposal, constituted a violation of Plaintiff's property and liberty interests that are protected under both the United States Constitution and the Missouri Constitution." (Complaint, Doc. No. 1, ¶ 26). Plaintiff further alleges "[t]he decision of Defendants City and the

- 3 -

Commission to create and implement Chapter 13 of the Commission's Vehicle for Hire Code, with its unreasonable and arbitrary restrictions and requirements – including those restrictions and requirements instructed and imposed by a Commission member having a conflict of interest – constituted a violation of Plaintiff's property and liberty interests that are protected under both the United States Constitution and the Missouri Constitution." (Id., ¶ 27).

To establish a due process claim, a plaintiff must show it was deprived of a property interest, and that the deprivation did not meet the requirements of due process. Stauch v. City of Columbia Heights, 212 F.3d 425, 429 (8th Cir. 2000) (citing Movers Warehouse Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir. 1995)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."Id. See e.g. Goldberg v. Kelly, 397 U.S. 254 (1970) (welfare recipients had a "property" interest in welfare payments created and defined by state statute).

Plaintiff asserts a property interest in his business proposal to provide the Airport with wheelchair accessible transportation services,[1] but fails to plead any facts demonstrating an existing rule or state law from which that alleged property interest arises. Moreover, the facts as pled demonstrate Plaintiff was in fact granted a CCN under Chapter 13, along with other

---

[1]At oral argument, Plaintiff clarified that he was not asserting an *exclusive* right to provide wheelchair accessible transportation, but simply the right to provide that service as per his business proposal.

- 4 -

competing taxicab companies, and permitted to provide wheelchair accessible taxicabs for the Airport. Because Plaintiff has not established the deprivation of a recognized property interest, there is no due process violation. Therefore, the motions to dismiss as to Count I will be granted.

**Count II - Race Discrimination**

In Count II of the complaint, Plaintiff alleges the actions of Defendants in "disclosing Plaintiff's business Proposal to others, and of denying Plaintiff the business opportunity of providing wheelchair accessible taxicab service to the Airport was intentional and due to the race of Plaintiff's owner." (Complaint, ¶ 32). Plaintiff asserts its claim of race discrimination under 42 U.S.C. § 1981. (Id., ¶ 31).

§ 1981 prohibits racial discrimination in "all phases and incidents" of a contractual relationship, but "does not provide a general cause of action for race discrimination." Gregory v. Dillard's, Inc., 565 F.3d 464, 468 (8th Cir. 2009)(citing Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir.2001)). Therefore, a claim brought under § 1981 must initially identify a protected contractual relationship or interest. Domino's Pizza, Inc. v. Mcdonald, 546 U.S. 470, 477 (2006). To establish a prima facie case of discrimination, a § 1981 plaintiff must show (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity; and (4) interference with that activity by the defendant. Gregory, 565 F.3d at 469 (citing Green v. Dillard's, Inc., 483 F.3d 533, 538 (8th Cir. 2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir.2004)).

There is no dispute Plaintiff's owner is a member of a protected class. Defendants urge dismissal of the claim because Plaintiff has failed to establish discriminatory intent or that Defendants interfered with Plaintiff's ability to provide wheelchair accessible taxi services to the Airport. Plaintiff has alleged no facts demonstrating he was treated differently, or less favorably, on the basis of race. To the contrary, Plaintiff's complaint demonstrates it was granted the same

opportunity to engage in this service as other individuals and was issued a CCN along with other taxi cabs companies that allowed it the ability to provide wheelchair accessible taxi services to the Airport. (Plaintiff's Complaint ¶ 21). There is also no allegation that the Commission's enforcement of Chapter 13 against Plaintiff was in any manner different than enforcement efforts against others to whom a CCN was granted. Thus, the motions to dismiss as to Count II will be granted.

### Count III - Breach of Fiduciary Duty

In Count III, Plaintiff alleges the City, by "divulging and sharing Plaintiff's proprietary and confidential Proposal with the Commission," and the Commission, by "divulging and sharing Plaintiff's Proposal with competitors of Plaintiff," breached the fiduciary duty and responsibility they owed to Plaintiff to not disclose to his competitors his business proposal for wheelchair accessible taxicabs for the Airport. (Complaint, ¶ 36).

"A fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, e.g., attorney-client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." Pool v. Farm Bureau Town & Country Ins. Co. of Missouri, 311 S.W.3d 895, 907 (Mo.App. S.D. 2010) (citing Shervin v. Huntleigh Sec. Corp., 85 S.W.3d 737, 740–41 (Mo.App. E.D. 2002). "Fiduciary duty is not created by a unilateral decision to repose trust and confidence; it derives from the conduct or undertaking of the purported fiduciary which is recognized by the law as justifying such reliance." Id. (citing Farmers Ins. Co., Inc. v. McCarthy, 871 S.W.2d 82, 87 (Mo.App. E.D.1994). To make a submissible case for breach of fiduciary duty, Plaintiff must present facts showing: "(1) the existence of a fiduciary relationship between the parties; (2) a breach of that fiduciary duty; (3) causation; and (4) harm." Pool, 311 S.W.3d at 906-07.

In support of their motions to dismiss, Defendants argue that Plaintiff has pled no facts demonstrating that a fiduciary relationship existed between the parties or that Defendants breached any alleged fiduciary duty. First, Plaintiff never alleges it presented the proposal to the Commission or that it established any relationship with the Commission regarding its business proposal. Second, because Plaintiff's proposal was unsolicited and not accepted by the City, there was no contractual relationship established between Plaintiff and the City which could give rise to a fiduciary relationship. Finally, Plaintiff fails to plead any facts that demonstrate he was harmed. The facts as pled demonstrate Plaintiff was granted a CCN and allowed to provide wheelchair accessible taxicabs for the Airport.

Because the factual allegations of the complaint are insufficient to support a determination that Defendants owed any fiduciary duty to Plaintiff, or breached any fiduciary duty, the motions to dismiss as to Count III will be granted.

**Count IV - Retaliation**

In Count IV, Plaintiff alleges the City's denial of a contract opportunity to Plaintiff, and the Defendants' enactment of Chapter 13, were actions taken in retaliation in violation of §§ 1981 and 1983 for Plaintiff having brought to Defendants' attention that they were in violation of the ADA. (Complaint, ¶¶ 38, 40).

To establish a prima facie case of retaliation, a plaintiff must show: (1) that he or she engaged in statutorily protected activity; (2) that he or she suffered adverse action; and (3) that a causal connection existed between the protected activity and the adverse action. McClure v. Career Systems Development Corp., 447 F.3d 1133, 1137 (8th Cir. 2006) (citing Bainbridge v. Loffredo Gardens, Inc., 378 F.3d 756, 760 (8th Cir. 2004). In support of their motions, Defendants argue Plaintiff's retaliation claim fails because he fails to plead that he suffered any adverse action; taken as true, the facts pled demonstrate Plaintiff was granted a CCN and

permitted to provide wheelchair accessible taxi services at the Airport. In reply, Plaintiff refers to the revocation of his CCN in January 2012 for violations of Chapter 13's weekly reporting requirements. There is, however, no allegation concerning the revocation in Plaintiff's complaint. While Plaintiff has failed to state a claim for retaliation based on the enactment of Chapter 13, to the extent Plaintiff is alleging that its CCN was revoked in retaliation for reporting ADA violations, the Court will deny the motions to dismiss and grant Plaintiff leave to amend his pleading to make his claim of retaliation more definite.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Metropolitan Taxicab Commission's Motion to Dismiss Plaintiff's Complaint [6] is **GRANTED** as to Counts I, II and III and Counts I, II and III are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Metropolitan Taxicab Commission's Motion to Dismiss Plaintiff's Complaint [6] is **DENIED** as to Count IV.

**IT IS FURTHER ORDERED** that Defendant City of St. Louis, Missouri's Motion to Dismiss Plaintiff's Complaint [12] is **GRANTED** as to Counts I, II and III and Counts I, II and III are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant City of St. Louis, Missouri's Motion to Dismiss Plaintiff's Complaint [12] is **DENIED** as to Count IV.

**IT IS FURTHER ORDERED** that within twenty (20) days of the date of this order Plaintiff shall file and serve his amended complaint as set forth herein. Plaintiff's failure to comply timely with this order will result in dismissal of the complaint without prejudice.

Dated this 15th day of June, 2012.

                                                        /s/ John A. Ross
                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE