UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITY-COUNTY TAXI, INC. d/b/a<br>METRO WEST TRANSPORT,<br><br>  Plaintiff,<br><br> vs.<br><br>METROPOLITAN TAXICAB COMMISSION,<br>and CITY OF ST. LOUIS, MISSOURI,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:12-CV-408 JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify Defendant's Counsel and Motion for Protective Order to Suspend Discovery Until Ruling on Motion to Disqualify. [ECF No. 55][1] Defendant filed its response on April 11, 2013. (Doc. No. 57) Plaintiff did not file a reply. Thus, the motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

Plaintiff filed this motion to disqualify Defendant Metropolitan Taxicab Commission ("MTC")'s counsel, McCarthy Leonard, on conflict of interest grounds based on its representation of the MTC as well as a Commissioner of the MTC. Plaintiff appears to be arguing that a particular outcome in this case could benefit the business of the Commissioner. In response, McCarthy Leonard asserts there can be no conflict of interest here because Plaintiff is not a former client. (Doc. No. 57) Moreover, none of the Commissioners of the MTC are parties to this lawsuit, so McCarthy Leonard's continued representation of the MTC would not conflict with the interests of a MTC Commissioner. (Doc. No. 57)

---

[1] Plaintiff has also requested oral argument on the motion. [ECF No. 58] Finding that oral argument would not assist the Court, the request will be denied.

**Legal Standards**

Local Rule 12.02 of the United States District Court for the Eastern District of Missouri adopts the "Code of Professional Responsibility adopted by the Supreme Court of Missouri." See E.D. Mo. Local Rule 12.02. The Supreme Court of Missouri adopted the Rules of Professional Conduct (Model Rules) effective January 1, 1986. See Mo. S.Ct. R. 4. This Court has determined that the Local Rule intends to apply the Model Rules. Commonwealth Land Title Ins. Co. v. St. Johns Bank & Trust Co., 2009 WL 3069101, at *3-4 (E.D. Mo. Sep. 22, 2009). See also Harker v. Commissioner of Internal Revenue, 82 F.3d 806, 807 (8th Cir.1996).

Motions to disqualify opposing counsel rest with the discretion of the district court. Commonwealth Land Title, 2009 WL 3069101, at *4 (citing Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir.2000) . Because such motions are subject to abuse by opposing counsel, they are "subjected to particularly strict judicial scrutiny." Id. (citing Midwest Motor Sports v. Arctic Sales, Inc., 347 F.3d 693, 700–01 (8th Cir.2003). The party seeking disqualification carries a "heavy burden," but any doubts should be resolved in favor of disqualification. Id. (citing Griffen by Freeland v. East Prairie, Mo. Reorg. Sch. Dist. No. 2, 945 F.Supp. 1251, 1253 (E.D.Mo.1996)).

The Court is mindful that "disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing." Id. (quoting Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir.1982)). "Disqualification often results in increased expenses, delay in resolution of the proceedings, and always deprives a party of its choice of counsel." Id. (quoting Kinzenbaw v. Case, L.L.C., 2004 WL 1146462, at *4 (N.D. Iowa May 20, 2004).

**Discussion**

Rule 1.9 of the Model Rules governs conflicts of interest with former clients. Rule 1.9(a) forbids a lawyer "who has formerly represented a client in a matter from represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Mo.Sup.Ct.R. 4, 1.9(a). "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." Black v. State of Mo., 492 F.Supp. 848, 861 (D.C.Mo. 1980) (internal quotations omitted).

Here, Plaintiff does not base its claim for disqualification on former representation. The fact that members of the MTC include representatives of the taxicab industry, see Mo.Rev.Stat. § 67.1806, does not create a conflict of interest that would disqualify McCarthy Leonard from representing the MTC in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Defendant's Counsel and Motion for Protective Order to Suspend Discovery Until Ruling on Motion to Disqualify [55] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument [58] is **DENIED**.

Dated this 3rd day of May, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE